**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **PERRY LEE HAMMONDS,** | § | |
| **Petitioner,** | § | |
| | § | |
| **V.** | § | **A-07-CA-935-SS** |
| | § | |
| **NATHANIEL QUARTERMAN,** | § | |
| **Director, Texas Dept. of Criminal Justice-** | § | |
| **Correctional Institutions** | § | |
| **Division,** | § | |
| **Respondent.** | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

To:    The Honorable Sam Sparks, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court is Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed.

## I.  STATEMENT OF THE CASE

**A.    Petitioner's Criminal History**

The Director has custody of Petitioner pursuant to five judgments and sentences of the 331st Judicial District Court of Travis County, Texas, styled The State of Texas v. Perry Lee Hammonds. On February 28, 1992, in cause numbers 0914560, 0914559, and 0914561 Petitioner was convicted

of the felony offense of robbery and sentenced to 50 years in prison. That same day in cause number 0914116 Petitioner was convicted of the felony offense of unauthorized use of a motor vehicle and in cause number 0920106 he was convicted of the felony offense of escape. For both of these convictions Petitioner was sentenced to 20 years in prison.

Previously, Petitioner filed a federal application for habeas corpus relief challenging all of his convictions. On May 13, 2003, it was dismissed for failure to exhaust his state court remedies. Petitioner had not appealed any of his convictions and had not filed any state applications for habeas corpus relief. See Hammonds v. Cockrell, No. A-03-CV-090-JN (W.D. Tex.).

In his instant application for habeas corpus relief Petitioner challenges his convictions in cause numbers 0914569, 0914559, and 0914561, for which he received 50-year sentences. Petitioner asserts he filed state applications for habeas corpus relief challenging these convictions on May 4, 2006. The Texas Court of Criminal Appeals denied the applications without written order on the trial court's findings without a hearing on March 21, 2007. Ex parte Hammonds, Appl. Nos. 66,984 -01, -02, -03.

**B.     Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1.     His convictions were obtained by pleas of guilty which were unlawfully induced and not made voluntarily with an understanding of the nature of the charge and the consequences of the pleas;

2.     He received ineffective assistance of counsel;

3.     He was denied the right to appeal;

4.     The indictment was faulty, and

5.     He received an illegal sentence.

2

## II.  DISCUSSION AND ANALYSIS

**A.    The Antiterrorism and Effective Death Penalty Act of 1996**

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ["AEDPA"].[1]  The AEDPA amended 28 U.S.C. § 2244 to provide a statute of limitations for applications for habeas corpus relief filed pursuant to 28 U.S.C. § 2254.  That section provides, in relevant part:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

**B.    Application**

Petitioner's convictions became final, at the latest, on March 30, 1992, at the conclusion of time during which he could have appealed his convictions.  See TEX. R. APP. P. 26.2(a).  The Fifth Circuit Court of Appeals has addressed the applicability of the limitations provision to habeas

---

[1] Pub.L. No. 104-132, 110 Stat. 1214 (1996).

3

applications filed after the enactment of the AEDPA attacking convictions which became final prior thereto in United States v. Flores, 135 F.3d 1000 (5th Cir. 1998). The Flores court determined that prisoners must be accorded a reasonable time after the AEDPA's effective date within which to file petitions for collateral relief. Id. at 1005. The Court concluded that petitioners attacking convictions or sentences which became final prior to the AEDPA's effective date will be accorded the one-year post-AEDPA period, commencing on the Act's effective date, to file for relief. Id. at 1006. The Fifth Circuit joined the Seventh, Ninth, and Tenth Circuits in holding that one year, commencing on April 24, 1996, presumptively constitutes a reasonable time for those prisoners whose convictions had become final prior to the enactment of the AEDPA to file for relief. Id. While the Flores opinion concerned the limitations provision for filing motions pursuant to 28 U.S.C. § 2255, the reasonable time for filing applications for habeas corpus relief pursuant to 28 U.S.C. § 2254 should be the same. Therefore, Petitioner's application, to be timely, would have had to have been filed on or before April 24, 1997.

Petitioner indicates he placed his federal application in the prison mail system for filing on July 24, 2007, more than ten years after the expiration of the one-year grace period. Petitioner's first federal application, which was dismissed for failure to exhaust state court remedies, did not operate to toll the limitations period. Duncan v. Walker, 533 U.S. 167, 121 S. Ct. 2121 (2001) (an application for federal habeas corpus review is not an "application for State post-conviction or other collateral review" and does not toll the limitation period during the pendency of the federal application). Petitioner's state applications also did not toll the limitations period. The applications were filed after the limitations period had expired. Scott v. Johnson, 227 F.3d 260, 263 (5th Cir.

4

2000) (where a state habeas application is not filed until after the limitations period has run, pursuant to § 2244(d)(2), filing does not toll the limitations period).

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the one-year grace period. Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

## III.  RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be dismissed as time-barred.

## IV.  OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See 28 U.S.C. § 636(b)(1)(C);  Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985);  Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

5

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 20th day of November, 2007.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE